DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Wood County Court of Common Pleas which granted the motion for partial summary judgment filed by appellees, David J. Gribbin and Lina F. Gribbin, against appellant, Ridge Stone Builders Developers, Ltd. ("Ridge Stone"), dismissed Ridge Stone's complaint, and denied Ridge Stone's motion for summary judgment against appellees. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} The pertinent facts are as follows. Ridge Stone sought to purchase property owned by David Gribbin. On April 27, 2000, Ridge Stone submitted to Gribbin's counsel, with a check for $10,000, an executed Option and Real Estate Purchase Agreement ("the option"). The option stated that Gribbin was "the titled owner of a parcel of property consisting of approximately eight (8) acres situated at the intersection of South College and Third Street in Bowling Green, Wood County, Ohio, which parcel is legally described in Exhibit A attached hereto and adopted by reference herein (the `Parcel')." In consideration of payment of $10,000, Gribbin was to grant Ridge Stone "the exclusive right, privilege, and option to purchase the Parcel, including all easements, improvements and appurtenances belonging or affixed thereto ***."
 {¶ 3} Gribbin signed the option on May 25, 2000 and negotiated the cashier's check on June 20, 2000. The signed option was forwarded to Gribbin's counsel on or about July 18, 2000; however, Gribbin's acceptance of the Ridge Stone's offer to purchase was conditioned on the legal description being verified and, if necessary, corrected. Gribbin attested that his attorney was supposed to be instructed by his son, Michael Gribbin, that the option was not to be delivered to the prospective purchaser until it was determined that the correct legal description was attached to the option. Gribbin stated that he "did not want to be in a situation where [he] was obligated to sell property [he] did not own!"
 {¶ 4} Gribbin's attorney notified Ridge Stone's attorney that the option had been signed, but informed counsel that the option would not be granted until such time as the legal description was verified and/or a proper legal description was attached to the option. In an August 10, 2000 letter, Gribbin's counsel stated the following to Ridge Stone's attorney:
 {¶ 5} "*** I received the Option from my client. I *** saw that it was signed, and told you that when you called.
 {¶ 6} "Upon further review of the document and copies of deeds sent to me by Michael Gribbin, I noticed some confusion as to the proper legal description of the property, referenced in Exhibit A of the Option. Exhibit A might be correct as attached, but I do not have enough information to confirm that, without further investigation.
 {¶ 7} "It appears that Exhibit A describes all of the property acquired by David Gribbin in 1970. I am told that in the 1980s, he sold some Bowling Green property, and I need to clarify if some of the property sold is part of the property described on Exhibit A.
 {¶ 8} "I am sure you understand that I cannot allow my client to grant an option on property he does not presently own. I do not believe there is a problem with ownership of the property your client believes it is purchasing, I simply think that the exhibit to the Option might inadvertently describe more property. I expect to resolve this within the next few days. ***"
 {¶ 9} The legal description, in fact, was incorrect and described property no longer owned by Gribbin. A surveyor was hired to determine the correct legal description. However, prior to the legal description being "cleared up," and prior to the written option being delivered to Ridge Stone or Ridge Stone's attorney, Gribbin stated that he changed his mind about selling his property. Gribbin returned Ridge Stone's $10,000 deposit on November 30, 2000. Gribbin's counsel indicated to Ridge Stone's counsel that it was Gribbin's position that there was no binding agreement between the parties because, due to the defective legal description, no acceptance of the proposed offer was tendered or delivered or, alternatively, the option "would not be enforceable due to a mutual mistake in a material term, namely, the identity of the property."
 {¶ 10} Ridge Stone filed the instant action on December 21, 2000, seeking specific performance of the terms included in the option to purchase. Ridge Stone averred that Gribbin granted Ridge Stone "the exclusive right, privilege and option to purchase the property, consisting of approximately eight acres at the intersection of South College and Third Street in Bowling Green, Ohio, for the sum of [$230,000], provided that the option was timely exercised." Ridge Stone described the property as follows: "The property consists of two parcels of real estate, both of which are identified in the Preliminary Judicial Report attached hereto as Complaint Exhibit I. At all times herein material, plaintiff and defendant David J. Gribbin knew and understood the identity and location of the real property to be sold." The legal description of the property attached to Ridge Stone's complaint was the new legal description that had been prepared by the surveyor, which differed from the original legal description attached to the option. Appellees filed a counterclaim asserting that Ridge Stone wrongfully filed a Notice of Lis Pendens on the property, disparaging title to the premises and preventing appellees from fully using or selling the property.
 {¶ 11} Both parties filed motions for summary judgment. Appellees filed for partial summary judgment, arguing that Ridge Stone was not entitled to specific performance and its complaint should be dismissed because there was no written acceptance of the option conveyed to Ridge Stone, as required by the statute of frauds, and any oral agreement between the parties was unenforceable. Appellees also argued that Ridge Stone was not entitled to specific performance because the legal description attached to the option was incorrect and did not describe the property Ridge Stone intended to purchase or the property Ridge Stone prayed for in its complaint. Appellees further argued that Ridge Stone was not entitled to specific performance because Lina Gribbin never signed the option and did not agree to release her dower interest. Ridge Stone also filed for summary judgment, on their complaint and appellees' counterclaim, and argued that delivery was not required for acceptance of the option agreement, the parties understood what property was to be sold and, therefore, the inaccurate legal description was not fatal to the agreement, and appellee Lina Gribbin benefited from the option and, therefore, specific performance was available. The trial court granted appellees' motion for summary judgment and dismissed Ridge Stone's complaint on the basis that specific performance was prohibited insofar as Lina Gribbin never agreed to release her dower interest. Appellees' counterclaim was voluntarily dismissed on December 26, 2002.
 {¶ 12} Ridge Stone appeals the judgment of the trial court and raises the following assignments of error:
 {¶ 13} "A. The trial court erred, as a matter of law, in concluding that a seller of real property, who expressly promises to deliver a deed free of dower interests, can excuse his nonperformance due to his inability or unwillingness to obtain a release of dower.
 {¶ 14} "B. Where equity will not intervene to enforce specific performance on a contract to sell real estate, the breaching seller must remain answerable in damages for the lost opportunity sustained by the purchaser."
 {¶ 15} This court notes at the outset that in reviewing a motion for summary judgment, we must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 16} Contrary to the decision of the trial court, we find thatCaple v. Crane (1917), 10 Ohio App. 461, and Benham v. Mitchell (Sept. 22, 1989), Lucas App. No. L-89-032, are not dispositive of the issues in this case. In Caple and Benham, the potential buyers neglected to obtain the signatures of the sellers' spouses on an option to purchase and purchase agreement, although the buyers knew that the sellers were married, and failed to join the spouses in the suit for specific performance. As such, under those circumstances, this court held that specific performance could not be ordered. The facts in this case, however, are distinguishable. There is no evidence that Ridge Stone knew David Gribbin was married. All negotiations were conducted through attorneys and other third parties. Additionally, Lina Gribbin was made a party to the suit for specific performance. Accordingly, we find that the trial court's reliance on these cases as a basis to dismiss Ridge Stone's complaint was misplaced.
 {¶ 17} Nevertheless, we are inclined to affirm the trial court on another basis asserted in appellees' motion for summary judgment. Ridge Stone asserts that we are limited to reviewing the issues passed upon by the trial court in rendering our decision; however, this argument is incorrect. "[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 96. See, also, Provident Bank v. Hartman (May 24, 2001), Cuyahoga App. No. 78292.
 {¶ 18} Appellees argued in their motion for summary judgment, and in their appellate brief, that because the option was never delivered to Ridge Stone, there was no written agreement between and parties. As such, the option to purchase is unenforceable because it violates the statute of frauds.
 {¶ 19} The statute of frauds is encompassed by R.C. 1335.04, Interest in land to be granted in writing, which states as follows:
 {¶ 20} "No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law."
 {¶ 21} In addition, R.C. 1335.05, Certain agreements to be in writing, states:
 {¶ 22} "No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person *** upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them *** unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
 {¶ 23} Pursuant to R.C. 1335.05, it is clear that options to purchase real property fall "squarely within the statute of frauds."Hubbard v. Dillingham, 2003 Ohio 1443, Butler App. No. CA2002-02-045 at¶ 21. We have previously held that "[t]he purpose of the statute of frauds was to prevent misunderstandings regarding the sale of land, especially given the uniqueness of real property. To this end, the statute is satisfied only where there is a writing sufficient to evidence that an agreement has been reached concerning the sale of real property."Auken v. Kellan Properties (Sept. 30, 1996), Erie App. No. E-95-037.
 {¶ 24} We agree with appellees that there was no existing written agreement between the parties that granted Ridge Stone an option to purchase Gribbin's property, but not on the exact basis asserted by appellees. We base our decision on well-established rules of contract formation. The Ohio Supreme Court stated that "[e]ssential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." Kostelnik v. Helper (2002), 96 Ohio St.3d 1 at ¶ 16. Additionally, Kostelnik held that "[a] meeting of the minds to the essential terms of the contract is a requirement to enforcing the contract." Id., citing, Episcopal Retirement Homes, Inc. v. Ohio Dept. ofIndus. Relations (1991), 61 Ohio St.3d 366, 369.
 {¶ 25} In this case, Gribbin signed Ridge Stone's proposed option agreement, but his acceptance of Ridge Stone's offer was conditioned on the legal description being verified and corrected. According to the Restatement of the Law 2d, Contracts (1981) 3, Formation of Contracts — Mutual Assent, Section 59, "[a] reply to an offer which purports to accept it but is conditional on the offeror's assent to terms additional to or different from those offered is not an acceptance but is a counter-offer." We find that Gribbin's conditional acceptance of Ridge Stone's proposed option agreement was nothing more than a counter-offer.
 {¶ 26} To accept Gribbin's counter-offer, a correct legal description would have needed to be incorporated into the option. Before Ridge Stone was able to do this, however, Gribbin revoked his counter-offer. Accordingly, we find that there was no mutual assent, no acceptance by Gribbin of the written provisions contained in Ridge Stone's offer, and no acceptance of Gribbin's counter-offer, before it was rescinded. Insofar as there is no written agreement or memorandum between the parties concerning Ridge Stone's option to purchase property owned by Gribbin, any oral agreement between the parties in this respect violates the statute of frauds and, therefore, is unenforceable.
 {¶ 27} Based on the foregoing, we find that the trial court correctly granted appellees' motion for summary judgment and dismissed Ridge Stone's complaint, albeit for other reasons than those stated by the trial court. Insofar as we find there was no written agreement for the purchase of the real property, we find that Ridge Stone is not entitled to any monetary damages. Accordingly, we find Ridge Stone's assignments of error not well-taken.
 {¶ 28} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.